# In the United States Court of Federal Claims

No. 21-1279
(Filed Under Seal: June 2, 2022)
(Reissued for Publication: June 16, 2022)[1]

**NOT FOR PUBLICATION**

```
*****************************
SWIFT & STALEY INC.,          *
                              *
              Plaintiff,      *
                              *
     v.                       *
                              *
THE UNITED STATES,            *      RCFC 62(d); Modify Injunction
                              *      Pending Appeal.
              Defendant,      *
                              *
and                           *
                              *
AKIMA INTRA-DATA, LLC,        *
                              *
         Defendant-Intervenor.*
*****************************
```

## MEMORANDUM OPINION AND ORDER

On April 26, 2022, the Court granted an injunction pending appeal in favor of Swift & Staley Inc. ("SSI"). *Swift & Staley Inc. v. United States*, No. 21-1279, 2022 WL 1493768 (Fed. Cl. Apr. 26, 2022). In granting the injunction, the Court determined that SSI had demonstrated that it has a substantial case on the merits and that the harm factors tilt decidedly in its favor. *Id.* at *1. The injunction stayed the Court's March 31st Opinion until SSI's appeal is resolved. *Id.* at *4.

A few days later, the government filed a motion to modify the injunction. *See* Def.'s Mot. to Modify Inj. Relief, ECF No. 95. In its motion, the government requests that the Court modify the injunction to "state that the injunction will terminate at 11:59 pm on March 31, 2023, or when the United States Court of Appeals for the Federal Circuit issues its decision on the appeal filed by [SSI], whichever occurs first." *Id.* at 1, 5. The government argues that the balance of harms "can change over time and that, while the harms may currently weigh in favor of an

---

[1] This Memorandum Opinion and Order was filed under seal on June 2, 2022, *see* ECF No. 100, in accordance with the protective order entered in this case on April 28, 2021, *see* ECF No. 13. The parties were given an opportunity to identify protected information, including source selection information, proprietary information, and confidential information, for redaction. On June 16, 2022, the parties filed a status report stating that there are no proposed redactions. *See* ECF No. 101.

injunction, that will no longer be true in the future." *Id*. at 2. The government asserts that setting an expiration date for the injunction "will appropriately tailor the injunction to reduce the harms to the United States and the public interest while still avoiding any risk of irreparable harm to SSI." *Id*. at 5.

Rule 62(d) of the Rules of the United States Court of Federal Claims ("RCFC") permits the Court to modify its injunction while an appeal is pending. RCFC 62(d). When considering a motion to modify an injunction, the Court weighs the same factors as it did when it granted the injunction. *Red River Holdings, LLC v. United States*, 91 Fed. Cl. 621, 624-25 (2010). The most important factors when considering an injunction pending appeal under RCFC 62(d) are the harm factors, and, if the harm factors weigh decidedly in favor of the movant, the movant's likelihood of success on the merits is less relevant. *Axiom Res. Mgmt., Inc. v. United States*, 82 Fed. Cl. 522, 524 (2008).

The Court is not persuaded by the government's arguments. Nothing has materially changed since the Court's decision to grant the injunction that affects the Court's weighing of the harm factors, and the harm factors still tilt decidedly in favor of SSI. The existing injunction is designed to maintain the *status quo* until SSI's appeal has been resolved. At this early stage of SSI's appeal, there is no evidence that SSI is failing to pursue its appeal in an expeditious manner. Further, aside from its speculative arguments in support of its proposed expiration date for the injunctive relief, the government has not provided any new information or pointed to any material change in the circumstances that warrants such a modification to the existing injunction. It is conceivable that the balance of harms may shift over time such that it no longer decidedly favors SSI. However, the Court will not attempt to speculate when such a shift will occur. Accordingly, the government's motion is **DENIED**.

Some information contained in this Memorandum Opinion and Order may be considered protected information subject to the Protective Order entered on April 28, 2021. ECF No. 13. Accordingly, this Memorandum Opinion and Order is filed **UNDER SEAL**. The parties **SHALL CONFER** and **FILE** on or before **June 16, 2022**, a joint status report that: identifies the information, if any, that the parties contend should be redacted; explains the basis for each proposed redaction; and includes an attachment of the proposed redactions from this Memorandum Opinion and Order.

**IT IS SO ORDERED.**

s/ Thompson M. Dietz  
THOMPSON M. DIETZ, Judge